RICHMAN v. BLUM.

(Supreme Court, Appellate Term.   June 24, 1910.)

TROVER AND CONVERSION (§ 40*)—TAKING CASE FROM JURY—DISMISSAL OF COMPLAINT.

Where, in conversion, plaintiff proved ownership of the goods and an unauthorized taking by defendant, and introduced evidence of value, though it was somewhat vague and inconclusive, this was a prima facie

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

case, sufficient to put defendant to his proof, as against a motion to dismiss.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 234, 236, 242; Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Ida Richman against Max Blum. From a judgment for defendant, dismissing the complaint, plaintiff appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Ginzburg & Picker, for appellant.

Barnard Bernbaum, for respondent.

GUY, J. Plaintiff appeals from a judgment rendered herein, dismissing the complaint. The action is for conversion. Plaintiff proved ownership of the goods and an unauthorized taking of the goods by defendant, and introduced evidence of value, which, though somewhat vague and inconclusive, was sufficient for the maintenance of the action. At the close of plaintiff's case, defendant moved to dismiss the complaint on the ground that no wrongful conversion was shown, and that there was no proof of value. The court reserved decision, and subsequently rendered judgment dismissing the complaint. This ruling was erroneous. The plaintiff made out a prima facie case, which was sufficient to put defendant to his proof.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.